# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH ANDREWS,<br><br>Plaintiff,<br><br>v.<br><br>YAKIMA SCHOOL DISTRICT NO. 7,<br><br>Defendant. | NO: 1:19-CV-3026-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 2). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For reasons discussed below, the Court **DENIES** Plaintiff's Motion to Remand (ECF No. 2).

## BACKGROUND

This case arises out of Plaintiff Elizabeth Andrews' allegedly short-lived teaching contract with Defendant Yakima School District No. 7. Plaintiff commenced this lawsuit in King County Superior Court on January 23, 2017,

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 1

alleging wrongful discharge and retaliation, negligent infliction of emotional distress, and the tort of outrage. ECF No. 1-1 at 2-10. Thereafter, a state court judge granted Defendant's motion for change of venue from King County to Yakima County. Plaintiff filed her complaint in Yakima County Superior Court on June 6, 2017.

On December 19, 2018, Plaintiff served Defendant with a motion to amend her complaint to add a cause of action under 42 U.S.C. § 1983 for an alleged violation of due process, noting the motion to be heard on January 18, 2019. ECF No. 2 at 22. Plaintiff also attached a copy of the proposed amended complaint to the motion. *See* ECF No. 2 at 22-30. On January 7, 2019, Defendant filed a response objecting to Plaintiff's motion to amend. *See id*. at 31-37.

On January 18, 2019, the state court verbally granted Plaintiff's motion to amend her complaint during the motion hearing. ECF No. 3 at 1. Plaintiff filed her amended complaint with the state court on February 1, 2019. The state court entered its written order granting Plaintiff's motion for leave to amend the complaint on February 6, 2019. ECF No. 1-3 at 2.

On February 14, 2019, Defendant filed a Notice of Removal and Demand for Jury with this Court. ECF No. 1. That same day, Defendant emailed Plaintiff's counsel the federal court Notice of Removal, as well as the state court Notice of Filing of Notice of Removal and Demand for Jury, and mailed the state court

Notice of Filing of Notice of Removal and Demand for Jury to the state court. ECF No. 3 at 2. The state court filed the Notice of Filing of Notice of Removal and Demand for Jury on February 19, 2019.

In the instant motion, Plaintiff moves the Court to remand this case to state court and direct Defendant to pay the costs and expenses incurred as a result of removal. ECF No. 2. Plaintiff asserts that Defendant did not comply with the rules regarding the timeliness of removal, making remand and the awarding costs appropriate in this case. *Id*. at 2, ¶ 2.

## FACTS

The following facts are derived from Plaintiff's Amended Complaint. *See* ECF No. 1-2. On or about July 26, 2016, Plaintiff, who was living in Seattle at the time, was contacted by Defendant to discuss an employment opportunity. *Id*. at 3, ¶ 9. At some point during the conversation, Defendant made a verbal offer of employment, which Plaintiff accepted. *Id*. Later that day, Defendant sent Plaintiff a digital copy of the contract and offer sheet, which Plaintiff signed and returned to the Defendant. *Id*. at ¶ 10.

On or about August 9, 2016, Plaintiff traveled to Yakima to meet with Defendant's human resources department. *Id*. at 3-4, ¶ 11. During the meeting, Plaintiff was given various papers and forms to sign and review. *Id*. In addition to the paperwork, Defendant informed Plaintiff for the first time that she was required

to consent to a suspicion-less, pre-employment drug examination of her urine. *Id*. Defendant told Plaintiff that she was obligated to pay for the invasive examination herself, complete the test within 24-hours, and that her employment would be terminated if she failed to complete the test. *Id*. Because Plaintiff had never encountered such a policy in her prior work experience with school districts throughout Washington, Plaintiff decided not to complete the test until and unless she knew her rights. *Id*.

On or about August 15 through 18, 2016, Plaintiff—now an employee of Defendant by contract—attended Defendant's new teacher orientation classes for which she was compensated per her contractual employment rate. *Id*. at 4, ¶ 12. On or about August 19, 2016, Plaintiff attended a meeting with teachers at the school at which she would be teaching. *Id*. at ¶ 13.

On or about August 26, 2016, Plaintiff was contacted via telephone by Defendant regarding the pre-employment drug screening. *Id*. at ¶ 14. Defendant asked Plaintiff if she had completed the test and Plaintiff reported that she had not. *Id*. Defendant informed Plaintiff that her current employment would be terminated. *Id*. On or about August 29, 2016, while Plaintiff was in Defendant's office attempting to straighten out her situation, Defendant handed Plaintiff a letter from Dr. Jack Irion, the superintendent and a board member of Defendant, officially terminating Plaintiff's employment. *Id*. at 4-5, ¶ 15. Plaintiff asserts

that Defendant terminate her employment "for maintaining her constitutional rights to be free from suspicion-less, pre-employment urine/drug screening." *Id*.

## DISCUSSION

**A. Request for Remand**

Though Plaintiff concedes that her amended complaint contains a federal claim, she moves the Court to remand this case because Defendant's removal was allegedly untimely. ECF No. 2 at 2. The federal removal statute, 28 U.S.C. § 1446, provides for two thirty-day windows during which a case can be removed: (1) during the first thirty days after the defendant receives the initial pleading, or (2) during the first thirty days after the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). Here, Defendant removed the case within thirty-days after the state court judge granted Plaintiff's motion to amend the complaint but more than thirty-days after Plaintiff filed her motion to amend.

Resolution of the pending motion to remand turns on whether the thirty-day window to remove under § 1446(b)(3) was triggered when Plaintiff filed her motion to amend the complaint or, alternatively, when the trial court granted Plaintiff's motion to amend. Plaintiff argues that the time to remove was

conclusively triggered when Plaintiff served Defendant with her motion for leave to amend the complaint on December 19, 2018. ECF No. 2 at 9. According to Plaintiff, notice of the motion to amend started the thirty-day clock because the motion disclosed to Defendant that the case "is or has become removable." 28 U.S.C. § 1446(b)(3). Defendant disagrees, arguing that the thirty-day clock did not begin to run until the state court granted Plaintiff's motion to amend, which occurred on either January 18, 2018 (the date the state court verbally granted Plaintiff's motion to amend) or February 6, 2019 (the date the state court entered its written order granting Plaintiff's motion to amend). ECF No. 3 at 4.

The Court is unpersuaded by Plaintiff's claim that the time to remove was triggered when Defendant received notice of Plaintiff's motion to amend the complaint. While the Ninth Circuit has not yet addressed this exact question, this Court finds the better rule (and the majority rule) is that an amended complaint that would provide a basis for subject matter jurisdiction does not become removable until the motion to amend is granted and the amended complaint becomes effective. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (time for seeking removal ran from when state judge granted motion for leave to amend complaint); *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 409-10 (6th Cir. 2008) (finding removal allowed upon "actual and effective amendment of the complaint"); *McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544 (E.D. Pa. 2011)

(finding "[w]here leave to amend is required, an amended complaint cannot be operative until that leave has been granted."); *see also Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189-90 (finding state court's tentative ruling on class certification did not trigger thirty-day removal window because it "had no jurisdictional effect precisely because it was tentative").

Under 28 U.S.C. § 1446(b)(3), in situations where a case is not initially removable, a defendant may timely remove only after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which *is or has become* removable." The removal statute does not permit removal where a case simply *may* become removable sometime in the future if something happens, i.e., the granting of a motion by the state court judge. And a *proposed* amended complaint that on its face would provide a basis for subject matter jurisdiction does not *become* removable until it becomes the operative complaint in the case. Where leave to amend is required, an amended complaint does not become effective unless and until the state court grants the motion for leave to amend.

Here, Plaintiff's amended complaint did not become the operative complaint until the state court judge granted Plaintiff's motion to amend. Under Washington law, Plaintiff was required to obtain leave to amend the complaint because while a complaint may be amended once as a matter of right any time before a responsive

pleading is served, further amendment requires leave of court or written consent of the adverse party. *See* CR 15(a). And, it is undisputed that Defendant did not consent to Plaintiff's motion to amend, and the trial court did not grant leave to amend until January 18, 2019 or February 6, 2019, as discussed above. Defendant then timely filed the Notice of Removal and Demand for Jury with this Court on February 14, 2019. ECF No. 1.

Defendant's removal was clearly within thirty-days of the state court's written order on February 6, 2019. The removal was also within thirty-days of the state court's verbal order on January 18, 2019. As Defendant explains, assuming the state court's verbal order started the clock, the thirty-day deadline fell on Sunday, February 17, 2019. The following day—Monday, February 18, 2019— was a federal and state holiday. By operation of Federal Rule of Civil Procedure 6(a), which extends deadline dates which fall on weekend or legal holidays to the first following weekday, Defendant's deadline for removal became Tuesday, February 19, 2019. *See Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929 (9th Cir. 1994); *Wells v. Gateways Hosp. & Mental Health Ctr.*, No. 95-55915, 1996 WL 36184, at *1, 1996 U.S. App. LEXIS 2287, at *2 (9th Cir. Jan. 23, 1996). Accordingly, the Court finds that the removal was timely.

Plaintiff advances two additional arguments in her Motion to Remand. First, Plaintiff claims that Defendant "waived their rights to remove a state court action

to the federal court by undertaking certain activities in the state forum." ECF No. 2 at 13. Specifically, Plaintiff asserts that that Defendant's response to Plaintiff's motion to amend—filing a response to the motion and participating in the motion hearing—constitutes "[c]lear and unequivocal action by a defendant manifesting submission to State court jurisdiction and abandonment of the right to remove at the time a case is removable." *Id*. at 13-15. Plaintiff's waiver argument is without merit. Defendant did not lose its right to removal by simply filing a response to Plaintiff's motion to amend and subsequently participating in the state court motion hearing.

Next, assuming the Court denies her Motion to Remand, Plaintiff argues that the Court is nonetheless "compelled under 28 U.S.C. 1441(c)(2) to sever and remand the state claims to their original state court." ECF No. 2 at 10-11. Plaintiff is correct that under 28 U.S.C. § 1441(c)(2), when a nonremovable state claim is removed to federal court, a court is required to sever the claim and remand it to state court. However, a federal court may exercise supplemental jurisdiction over Plaintiff's state law claims when (1) federal question jurisdiction is proper, and (2) the state-law claims derive from a common nucleus of operative fact. *See* 28 U.S.C. § 1367 (providing that federal courts have supplemental jurisdiction over state-law claims which are not otherwise within the court's jurisdiction, but the court can decline to exercise such jurisdiction if the state claims substantially

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 9

predominate over the federal claims); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). In determining whether to relinquish jurisdiction over a supplemental state law claim, the Court must look to the statutory factors set forth by 28 U.S.C. § 1367(c), as well as the common law factors of judicial economy, convenience, fairness, and comity.

As an initial matter, the Court finds it has federal supplemental jurisdiction over Plaintiff's state law claims as Plaintiff's state and federal law claims share "a common nucleus of operative fact" such that a plaintiff would be expected to try them in one judicial proceeding. *Bahrampour*, 356 F.3d at 978. As Plaintiff explains in her amended complaint, "[i]n addition and/or in conjunction with the wrongful termination and/or breach of [Plaintiff's] contract . . . [Plaintiff's] termination is also a violation of 42 U.S.C. § 1983 . . . ." ECF No. 1-2 at 7. Moreover, in her § 1983 cause of action, Plaintiff expressly "re-alleges the allegations set forth above in paragraphs 1-21," which include the factual allegations relating to her alleged termination. Considering this factual overlap, Plaintiff's state and federal claims should be tried in one judicial proceeding. *See Gibbs*, 383 U.S. at 725. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims.

Furthermore, the Court will not decline to exercise its supplemental jurisdiction. Even assuming Plaintiff's state law claims substantially predominate

or otherwise present one or more novel issues of state law, this Court, in its discretion, finds considerations of judicial economy, convenience, and fairness militate against remanding the state law claims and in favor of retaining jurisdiction over the sole federal cause of action. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). It is clearly more convenient and economical for the federal and state law claims to be litigated in one suit, especially given the significant factual overlap and similarity of issues raised. Moreover, it would be unfair to force Defendant to defend itself in two separate, but largely redundant, suits, not to mention the unnecessary burden on the courts.

Accordingly, because Defendant's removal was timely and this Court does not decline to exercise its supplemental jurisdiction, Plaintiff's request to remand and corresponding request for fees incurred as a result of removal, *see* 28 U.S.C. § 1447(c), are **DENIED**.

**ACCORDINGLY, IT IS ORDERED:**

Plaintiff's Motion to Remand (ECF No. 2) is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to the parties.

**DATED** April 10, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 11